

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXSON
ATTORNEY GENERAL

Hon. Bert Ford
Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. 0-1882
Re: Right of individual to purchase
liquor for own use in wet county
and transport the same to his
home in dry county.

This will acknowledge receipt of your letter of
January 22, 1940, in which you submit for an opinion of this
department the questions:

"Under the law is it permissible for a person
living in Collin County, which is a dry county, to
drive his automobile to Dallas County, which is a
wet county, and there purchase whiskey or other
intoxicating liquor for his own personal use, and
haul the same back to his home in Collin County,
under Section 23 (a), Article I, of the Texas
Liquor Control Act, and not be guilty of a law
violation?

"In such case is it necessary for him to have
in his possession while hauling such liquor, a
written statement required by Section 27 (a),
Article I, of the Texas Liquor Control Act? In
this connection we call your attention to Section
4 (b), Article I, Texas Liquor Control Act, which
prohibits the transportation of liquor in a dry
area, and to Section 23 (a), which provides that
a person who purchases alcoholic beverages for
his own consumption may transport same from a place
where the sale thereof is legal to a place where
the possession thereof is legal; and also Section
27 (a), Article I, which provides that it shall be
unlawful for any person to transport upon any pub-
lic highway, street or alley, any liquor unless
the person in charge of such shipment shall have
in his possession, present and available, a written
statement signed by the shipper giving certain in-
formation."

Paragraph (b) of Article 666-4 of the Penal Code reads:

"(b). It shall be unlawful for any person in any dry area to manufacture, distill, brew, sell, possess for the purpose of sale, import into this State, export from the State, transport, distribute, warehouse, store, solicit or take orders for, or for the purpose of sale to bottle, rectify, blend, treat, fortify, mix, or process any liquor, distilled spirits, whiskey, gin, brandy, wine, rum, beer or ale."

Thus it is clearly seen that it is not unlawful to possess liquor in a dry area but the offense is the possession of liquor "for the purpose of sale". An information charging that defendant possessed whiskey does not charge an offense when not charging that the whiskey was possessed for the purpose of sale. Alexander vs. State, 113 SW 2nd 545.

It then becomes necessary to determine whether or not the word "transport", used in the above quoted article would prevent the purchaser of the liquor, under the facts stated by you, from transporting the same to his home in a dry county.

Paragraph (1) of Article 666-23a, of the Penal Code reads:

"(1). It is provided that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal."

We conclude that such provision, next hereinabove quoted, is a defensive statute designed to afford one accused of transporting liquor in violation of paragraph (b) of Article 666-4, supra, a complete defense against the charge so made. In other words, upon the accused making proof that he was transporting alcoholic beverages for his own consumption from a point of purchase to a given destination, his innocence would be established.

It is to be noted, however, that the defense afforded by the hereinabove quoted section is followed by paragraph (2) of the same article which reads:

"(2). Possession of more than one quart of liquor in a dry area shall be prima facie evidence that it is possessed for the purpose of sale."

We must necessarily conclude that the mere possession and transportation of liquor, under the facts presented by you, does not render the one in possession thereof guilty of an offense. As pointed out, the possession of more than one quart by any person within a dry area is prima facie evidence of its possession for the purpose of sale. Naturally, proof by the accused of its possession for his own use and not for the purpose of sale would be a matter of defense.

We next turn our attention to the proposition of whether or not it is necessary for one transporting liquor, under the provisions of paragraph (1), Article 666-23a, supra, to have a written statement required by paragraph (a), Article 666-27 of the Penal Code. Such section reads:

"(a). It shall be unlawful for any person to transport into this State or upon any public highway, street, or alley in this State any liquor unless the person accompanying or in charge of such shipment shall have present and available for exhibition and inspection, a written statement furnished and signed by the shipper, showing the name and address of the consignor and the consignee, the origin and destination of such shipment, and such other information as may be required by rule and regulation of the Board. It shall be the duty of the person in charge of such shipment while the same is being transported, to exhibit such written statement to the Board or any of its authorized representatives or to any peace officer making demand therefor, and it shall be unlawful for any person to fail or refuse to exhibit the same upon such demand. Such written statement shall be accepted by such representative or officer as prima facie evidence of the lawful right to transport such liquor."

We think this section has reference to shipment of liquor, as that term is ordinarily used and understood, as where a person orders liquor and it is delivered to him either by common carrier or agent for the consignee or consignor. It is our opinion that the same is not applicable to the situation presented by your statement of facts.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:AW:wc

s/Gerald C. Mann

Approved Opinion Committee By s/BWB Chairman